UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00124-TBR

LIFE CARE CENTERS OF AMERICA, INC. *et al.*                     Plaintiffs

v.

THE ESTATE OF FRANCES M. NEBLETT, *et al*.                      Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' motion to alter judgment. (Docket #17). Plaintiffs having previously moved to compel arbitration. (Docket #9). The Court having denied that motion. (Docket #15). For the following reasons, Plaintiffs' motion to alter judgment (Docket #17) is GRANTED in part and DENIED in part.

BACKGROUND

The facts of this case are more fully explained in this Court's order denying Plaintiff's motion to compel arbitration. (Docket #15). Frances M. Neblett was a resident at a nursing home owned and operated by Plaintiffs. Neblett allegedly suffered inadequate care which resulted in her death.

In a state court action, Neblett's estate brought claims for negligence, wrongful death, and violation of long-term resident's rights. (Docket #1, Ex. 2). Neblett's husband, Floyd Neblett, asserted claims for wrongful death and loss of spousal consortium. (Docket #1, Ex. 2). Frances Neblett signed an arbitration agreement. (Docket #1, Ex. 1). Floyd Neblett did not.

Plaintiffs filed this action to compel arbitration of all claims and enjoin the state court action. (Docket #1). Applying the Kentucky Supreme Court's decision in *Ping v.*

*Beverly Enters.*, 376 S.W.3d 581, 599 (Ky. 2012), this Court ruled that Floyd Neblett's wrongful death and loss of consortium claims accrued directly to him and his wife's agreement to arbitrate her claims did not bind Floyd Neblett to arbitrate his claims. (Docket #15).

Plaintiffs now seek clarification as to which claims are bound by arbitration and whether the state court action should be stayed.

## DISCUSSION

As a preliminary matter, this Court will discuss whether each claim belongs to the estate of Francis Neblett or to Floyd Neblett. The Court will then discuss why the state court action should not be stayed.

Any claim for personal injury or negligence survives the death of Frances Neblett, accrues to her estate, and may be brought by her "personal representative." KRS § 411.140; *New Farmers Nat'l Bank v. Thomas*, 411 S.W.2d 672 (Ky. App. 1967); *see generally Turner v. Sullivan Univ. Sys.*, 420 F. Supp. 2d 773 (W.D. Ky. 2006); *Meyer's Admr v. Zoll*, 84 S.W. 543 (Ky. App. 1905) (holding in a case where an infant was attacked by a dog and suffered for thirty-five days before passing that "parents of this child never at any time had any action for the pain and suffering of their child" but that this "right existed in the child alone" and "survived [to be asserted by] her personal representative").

Conversely, a claim for wrongful death accrues independently to Floyd Neblett, although it "shall be prosecuted by the personal representative of the deceased." KRS § 411.130; *Ping*, 376 S.W.3d at 599 ("the wrongful death claim is not derived through or on behalf of the resident, but accrues separately to the wrongful death beneficiaries and is

meant to compensate them for their own pecuniary loss"); *Pete v. Anderson*, 413 S.W.3d 291, 300 (Ky. 2013) ("Based on the plain language of KRS 411.130 and our holding in *Ping*, we must reject Pete's contention that the wrongful death action belongs to the estate").

Similarly, a claim for loss of consortium accrues directly to the spouse and it may be asserted by directly by him or her. KRS § 411.145 (2014); *Martin v. Ohio County Hosp. Corp.*, 295 S.W.3d 104, 108 (Ky. 2009) ("the General Assembly made loss of consortium a statutory cause of action, which belongs specifically to a spouse, not to the estate of the deceased"); *Stepp v. Wurtland Health Care Ctr., Inc.*, 2014 Ky. App. Unpub. LEXIS 94*4 (Ky. App. 2014) (unpublished) ("As with the wrongful death action discussed above, a loss of consortium claims would be a separate and independent cause of action that accrues to a nonparty to the arbitration agreement").

The Court next turns to its denial of Plaintiffs' request to stay the state court action. The Federal Arbitration Act does not provide authority for a federal court to enjoin a state court proceeding. "The plain language of § 3 provides only that 'the court in which such suit is pending' shall stay the proceedings before it if arbitration is required. There is no reference to injunctive relief against underlying state-court proceedings." *United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 659 (S.D.W.Va. 2005). A stay could be authorized by the Anti-Injunction Act, which states: "A court of the United States may not grant an injunction to stay proceedings in a State court **except** as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or **to protect or effectuate its judgments**." (emphasis added) 28 U.S.C. § 2283. The Sixth Circuit has affirmed a district court's stay of a state court proceeding to protect the

3

district court's ruling that claims were bound by arbitration. *Great Earth Cos. v. Simons*, 288 F.3d 878 (6th Cir. 2002); *see also Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 893 (5th Cir. 2013).

However, the decision whether to stay a state court proceeding is in the discretion of the district court. *Great Earth Cos.*, 288 F.3d at 893-94. "The district courts' discretion to stay entire cases, including nonarbitrable claims, should not be exercised lightly." *Spartech CMD, LLC v. Int'l Auto. Components Group North America, Inc.*, 2009 U.S. Dist. LEXIS 13662 (E.D. Mich. 2009). "The court believes that the parties and the state court will likely conform their conduct to the expectations of law, and finds that an injunction of the state-court proceedings is unnecessary at the present time." (citation and punctuation omitted) *Lowe*, 354 F. Supp. 2d at 659. The Court believes the state court is in the best position to determine whether it should stay proceedings.

IT IS HEREBY ORDERED that all personal injury and negligence claims for injuries suffered by Francis Neblett prior to her death belong to her estate, are bound by arbitration, and shall be submitted to arbitration pursuant to the parties' agreement.

IT IS FURTHER ORDERED that Floyd Neblett's wrongful death and loss of consortium claims are not bound by arbitration.

IT IS FURTHER ORDERED that Plaintiffs' request for the state court action to be stayed is DENIED.

In accordance with the foregoing, Plaintiffs' motion to alter judgment (Docket #17) is GRANTED in part and DENIED in part. A separate judgment shall issue.

cc: Counsel